David D. Deason (SBN 207733)
e-mail: David@yourlaborlawyers.com
Matthew F. Archbold (CA SBN 210369)
e-mail: Matthew@yourlaborlawyers.com
DEASON & ARCHBOLD
3300 Irvine Avenue, Suite 245
Newport Beach, CA 92660
Telephone: (949) 794-9560
Facsimile: (949) 794-9517

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

RICHARD GUZMAN, RICHARD
ALBA, EDWARD ARCA, JOHN
ARMANDO, RICHARD ARVIZU,
STEVEN BAKEWELL, MATTHEW
BARRICK, GORDON C. BASKETT,
TODD BEHRENS, ROBB BERKE,
JOHN BERTINO, JACK
BLANCHARD, MARCO BOLANOS,
SUSAN BRANDSTETTER, CHRIS
BRAZZILL, JEFFREY BRISCOE,
RALPH BROWN, NIALL BYRNE,
ROBERT CASTANEDA, STEVE
CASTRO, EDWARD CASTRO,
JOSEPH CHAVEZ, ADRIAN CHIN,
KEN COLBY, DAVID CRAIG,
ALICIA CRUZ SAINT-JAMES,
PAULA DAVIDSON, HELEN
DEARMON, HAROLD DICROCE,
BERZON DISTOR, EDWARD
DORROH, GARY DUBOIS, DINO
DURAN, CHRISTOPHER
EDWARDS, JOE ESQUIVEL,
MARLON FIELDS, NELSON FONG,
BRIAN FOX, JOHN FRANCO,
DAVID GARRIDO, ROBERT
GASIOR, ALBERT GAVIN,
MICHAEL GLENN, CARLOS

Case No.: 23-cv-08689

**COMPLAINT FOR DAMAGES;
DEMAND FOR JURY TRIAL**

GONZALEZ, ISMAEL GONZALEZ, )
JOHN GOSLIN, KATHERINE )
GOSSER, ROBERT GOWAN, )
SHANNON HAJJI, DIANE )
HAWKING, RAFAEL )
HECHAVARRIA, JENNIFER )
HICKMAN, DAVID HOLMES, )
SIAGE HOSEA, PAUL INABU, )
HUMBERTO IRIGOYEN, SHONDIE )
JACKSON, MIKE JUDGE, GUY )
JUNEAU, PHILIP KARLE, RON KIM, )
JOHN KLINE, GARY KOBA, ART )
KOENIG, CRAIG KOJIMA, )
RICHARD LARIMER, LISA )
LAWSON, RICHARD LEMOS, KEN )
LEW, JAMES LINDER, LINDA )
LOWANDE, BEN MACIAS, KYLE )
MANNING, JOSE G. MARTINEZ, )
MARC MARTINEZ, KATHY )
MCANANY, GERALD MCCARTY, )
BENJAMIN MEDA, CLAUDIA )
MENDOZA, RODERICK MILLER, )
DAVID MINER, ADRIAN MOODY, )
ROBERT MORALES, JUSTIN )
MUDGETT, SCOTT MURRAY, )
TIMOTHY NAMBU, MICHAEL )
NEIGHBORS, ROSS NEMEROFF, )
JULIE NONY, ROBERT PALACIOS, )
DANIEL PENNINGTON, RICHARD )
PEREZ, VICTOR PEREZ, DAVID )
PETEQUE, ALEX POZO, DAVID )
RIEMEN, KIMBERLY RIEMEN, )
DAVID ROSENTHAL, ROBERT )
ROWEDDER, MARIA ROWEDDER, )
CHRISTOPHER RUIZ, MARIO )
SANTANA, ROBERT )
SCHLESINGER, BRAD )
SCHUMACHER, CINDY SETZER, )
JAMES SETZER, JAMES SHANNON, )
TIMOTHY SHAW, MICHAEL )

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

SMITH, JAY SOARES, TROY )
THOMAS, DANIEL THOMPSON, )
ROBERT TOLEDO, DAVID )
TOMLIN, TIMOTHY WALTERS, )
JOHN VALDEZ, KENNETH WHITE, )
STANLEY WONG, SHUJI YAMADA, )
RICHARD YEP, CHRIS )
YZAGUIRRE, and BEN ZUCKER, )
)
        Plaintiffs, )
    vs. )
)
CITY OF LOS ANGELES; and DOES )
1 through 10, inclusive, )
)
        Defendants. )

_____

## JURISDICTION

1.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(3) as the controversy arises under "constitution, laws or treaties of the United States; specifically, the claim arises under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.,* ("FLSA").

## VENUE

2.    Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts, events, or omissions giving rise to the action occurred in this District and Plaintiffs and Defendant each reside/operate businesses within this district.

## PARTIES

3.    The above-captioned Plaintiffs were all formerly employed by Defendant City of Los Angeles as sworn police officers and either resigned or retired between October 13, 2020 and the date of the filing of this Complaint.

4.    Defendant, CITY OF LOS ANGELES ("CITY" or "Defendant"), is a political subdivision of the State of California located within California and is an

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

employer whose employees are engaged in commerce within the meaning of 29 U.S.C. § 207(a) and as defined in 29 U.S.C. §§ 203(d) and 203(e)(2)(c).

5.    Each of the DOES 1 through 10, inclusive, is so named because Plaintiffs does not know their true names and/or capacities at this time.  Plaintiffs will seek leave of Court to amend this Complaint when the true names and capacities of the defendants designated herein as DOES 1 through 10 have been ascertained.

6.    Plaintiffs are informed and believe, and on the basis of such information and belief, allege that each defendant was an agent, employee, partner, and/or alter ego of each of the other remaining defendants, and in doing the things herein alleged were acting within the scope and course of such agency and/or employment.    Upon information and belief, each of the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and Plaintiffs' injuries as herein alleged were proximately caused by such defendants.

7.    The defendants, and each of them, save and except Defendant CITY, which is sued as an entity, are sued in their individual and official capacities.

8.    The acts of defendants were in accordance with, and represent the official policy of, Defendant CITY or those whose edicts or acts may fairly be said to represent official policies hereinafter set forth.

9.    Each defendant herein willfully committed, ordered, directed, supervised, allowed, planned, ratified, concealed, organized or otherwise participated in the unlawful acts complained of herein.

## STATEMENT OF FACTS

10.    Plaintiffs retired and/or resigned from the Los Angeles Police Department between October 13, 2020 and the date of the filing of this Complaint. During their employment, Plaintiffs "banked" Compensatory Time Off ("CTO"), also referred within the department as "overtime bank" or "time and a half bank," for overtime hours worked.  This CTO constitutes back overtime wages and was

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

due and payable in their final regular paycheck after resignation or retirement, but Plaintiffs did not receive the money owed in that pay period or even in the following pay period.  Indeed, the time in which Defendant delayed in paying the overtime due ranges from seven (7) to approximately sixteen (16) weeks after the date of retirement or resignation.  The payment for sick leave and vacation are also paid late, but strangely these payments typically occur at least two (2) weeks before the CTO payment.  In fact, even the far more complicated calculations of retirement benefits are completed and retirement payments are distributed in less time than the incredibly simple calculation and payment of CTO.

11.    The amount of CTO that an officer has earned by working overtime is included in every paycheck stub as a running total.  Therefore, both Plaintiffs and Defendant knew at all times during Plaintiffs' employment the amount of CTO earned and due at the time of resignation or retirement.  Notwithstanding, the delay in payment is so common and pervasive that many of the officers are advised upon retirement by their retirement counselor that they will not receive payment for their CTO for at least two (2) months.  Even after waiting for two (2) months, many officers must email and/or call the City to ask for payment and often are required to wait weeks or even months longer.

12.    Defendant knew or should have known that it failed to compensate Plaintiffs in a timely manner.  The payroll "glitch" excuse has been consistently used by the City when failing to make payment in a timely manner and does not constitute a defense to its obvious violation of federal law, nor do excuses such a budget concerns and understaffing.  Moreover, an identical case was filed early in 2023 on behalf of a single officer and resolved soon thereafter.  Many of the Plaintiffs in the instance case retired after the resolution of the earlier case and were still not paid in a timely manner.  In short, Defendant has made no effort whatsoever to correct their conduct.  The systemic and pervasive nature of the

/ / /

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

delay, combined with its failure to correct its conduct after previous litigation, clearly indicates that the delay is Defendant's policy and practice.

13.    Defendant sat idly by, and knowingly failed to provide lawful compensation.  Plaintiffs are informed and believe, and thereon allege, that at all times set forth herein, Defendant was advised by skilled lawyers and other professionals, employees and advisors knowledgeable about the FLSA.  Plaintiffs are informed and believe that Defendant willfully, knowingly and intentionally failed to comply with the FLSA.

## FIRST CAUSE OF ACTION

### FOR WILLFUL VIOLATION OF 29 U.S.C. § 207

### (Against All Defendants for the Late Payment of Overtime)

14.    Plaintiffs reassert and reallege paragraphs 1 though 13, inclusive, as if fully set forth and incorporates said paragraphs herein by reference.

15.    Defendant has either recklessly, or knowingly and intentionally, failed and refused to compensate Plaintiffs for overtime compensation that they banked as CTO while employed by Defendant by the regular pay day for the period in which the overtime was due.

16.    The payment of CTO, or any overtime compensation, "…may not be delayed for a period longer than is reasonably necessary for the employer to compute and arrange for payment of the amount due and in no event may payment be delayed beyond the next payday after such computation can be made."  29 CFR § 778.106

17.    Defendant has delayed the payment of overtime for a period longer than is reasonably necessary for it to compute and arrange for payments of the amounts due, as set forth above.

18.    Although Defendant was apprised of the law regarding the payment of hours covered by the FLSA, Defendant failed to compensate Plaintiffs in a timely manner.

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

19.     In doing all the things described and alleged herein, Defendant deprived Plaintiffs of the rights, privileges and immunities secured to them by federal law which clearly sets forth that payment "…may not be delayed for a period longer than is reasonably necessary for the employer to compute and arrange for payment of the amount due…."  Defendant knew or should have known that their reckless and/or willful and intentional failure and refusal to pay for the overtime worked in a timely manner violated these rights, privileges and immunities.

20.     As a direct and proximate result of Defendant's actions and inactions, Plaintiffs have been damaged and are entitled to compensatory and/or liquidated damages in an amount according to proof at trial including, but not limited to, a sum equivalent to their overtime compensation (CTO) which was paid late for the three (3) years prior to the filing of this action as required by 29 U.S.C. § 216(b), attorney fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief and judgment against Defendants, jointly and severally, as follows:

### As to the First Causes of Action

1. Compensatory and/or liquidated damages in an amount according to proof at trial including, but not limited to, a sum equivalent to their overtime compensation (CTO) which was paid late for the three (3) years prior to the filing of this action as required by 29 U.S.C. § 216(b), attorney fees and costs.

2.     Such other damages as may be allowed in accordance with the Federal Rules of Civil Procedure, Rule 54(c), and 29 U.S.C. 216(b), according to proof;

3.     Liquidated damages, attorney fees, and costs pursuant to 29 U.S.C. 216(b); and

/ / / /

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

4.      Any other relief, including equitable relief, as the Court may deem just and proper.

DATED: October 16, 2023                    DEASON & ARCHBOLD


By:   s/ David D. Deason
        David D. Deason
        Attorneys for Plaintiffs

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

DATED: October 16, 2023                    DEASON & ARCHBOLD


By:  s/ David D. Deason
                                                        David D. Deason
                                                        Attorneys for Plaintiffs

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL